ERNEST L. SAWYER, PLAINTIFF, v. PHILIP HUSSA AND LUDMILLA H. FLAGGE, EXECUTOR AND EXECUTRIX OF OSCAR HUSSA, DECEASED, DEFENDANTS.

Submitted December 8, 1922—Decided March 5, 1923.

**Contracts—Breach of—Sale of Land—Tender of Deed—Perfection of Title.**

On plaintiff's rule to show cause why a verdict in favor of the defendants should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *Merritt Lane.*

*Contra, Maximilian T. Rosenberg.*

PER CURIAM.

Plaintiff sued to recover damages for an alleged breach of a contract to sell real estate. This contract was entered into in July, 1911. The purchase price was $26,000—$1,000 on the signing of the agreement, $2,000 on or before January 1st, 1912, $3,000 on April 1st, 1912 (the day upon which the

contract was to be closed), and the balance of $20,000 to be secured by a mortgage. The original contract was made between the defendants and one Brennan, and Brennan, on November 2d, 1911, assigned it to the plaintiff Sawyer, and one Allen, and on January 21st, 1921, Allen assigned his rights to the plaintiff.

Although the contract required the closing of the transaction on April 1st, 1912, it was then claimed that there were certain encumbrances upon the property which made the title doubtful, and the closing of the transaction was, therefore, extended for an indefinite time, in order that the question of the validity of these so-called encroachments might be tried out. This was done, and a decision rendered in September, 1917, holding that the alleged encroachments, or restrictions, were not encumbrances on the property. From that time on, although frequently pressed to perform, apparently nothing was done by the plaintiff and his associate, Allen, or either of them, looking to a performance of the contract. In fact, we think it quite plain that at no time were they, or either of them, ready, willing and able to carry it out; and so, on July 1st, 1920, the defendants sold the property to one Max.

The case was left to the jury upon the theory that, as the closing of the contract had been left in abeyance so long, the defendants, in order to put an end to it, were required to make a tender of a deed to the plaintiff and thereby put him in default. There was proof that the attorney of the plaintiff, a Mr. Von der Lippe, who seems to have been authorized to carry on all the negotiations with relation to the transaction as the representative of the plaintiff and his associate, waived to Mr. Herrmann, attorney of the defendants, any tender of the deed, and that this was done before the conveyance to Max.

The trial resulted in a verdict for the defendants.

The first ground argued by the plaintiff in support of his application for a new trial is that Mr. Von der Lippe had no

authority to bind the plaintiff. We think the testimony is to the contrary. Certainly, it was a question for the jury, and they have resolved it in favor of the authority.

The next contention is that the case was submitted to the jury upon a false issue. If by this, as we suppose, is meant that the court was in error in limiting the question of the defendants' rights to a verdict to the question whether or not there was a tender, or a waiver thereof, we think it can avail the plaintiff nothing. We think that the case evidenced an abandonment of the contract by the plaintiff, but the failure to call that to the attention of the jury was certainly not harmful to him.

The only other contention is that the verdict is against the weight of the evidence. We think not. The proofs amply justify the verdict.

The rule will be discharged.